IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMILY SCHUBERG**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF EDUCATION** and **MOHELA**, <br><br> Defendants. | Case No. 3:26-cv-235-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Emily Schuberg, a self-represented litigant, filed this lawsuit against Defendants, the U.S. Department of Education ("DOE") and the Missouri Higher Education Loan Authority ("MOHELA"). ECF 2. Plaintiff also filed a motion for a temporary restraining order ("TRO"). ECF 3. Service of process has not yet occurred. Plaintiff also filed an application to proceed *in forma pauperis*. ECF 1. The Court now grants Plaintiff's application to proceed *in forma pauperis* but finds that even under the liberal pleading standards afforded a self-represented, or *pro se*, litigant, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, the Court dismisses Plaintiff's Complaint without prejudice and denies Plaintiff's motion for TRO.

PAGE 1 – ORDER

**BACKGROUND**

On February 3, 2026, Plaintiff filed a Complaint against the DOE and the MOHELA. ECF 2. She also moved for a TRO. Plaintiff alleges:

- In December 2023, Plaintiff received a letter from Portland Community College ("PCC") informing her that a student loan had been taken out in her name and that she owed payments on that loan in the amount of $3,800.[1] ECF 2 at 7, 10; ECF 3 at 4-6. Due to a household move, Plaintiff's receipt of that letter was delayed. ECF 2 at 7. Plaintiff alleges that she never took out a student loan to attend PCC. *Id*.

- On contacting PCC, agents of the PCC told Plaintiff that "the account appeared fraudulent." ECF 2 at 10. Plaintiff contacted the DOE, who referred her to MOHELA, the servicer for the loan. *Id*.

- Since 2023, Plaintiff has made repeated attempts to resolve the issue with DOE and MOHELA, telling them that the loan is fraudulent and requesting that she be relieved from any obligation to pay it. *Id*. at 7, 10; ECF 3 at 4. MOHELA, however, has continued to make attempts to enforce the loan, *Id*. Enforcement actions have included the seizure of Plaintiff's 2023 tax return refund in the amount of $1,173, as well as threatening future refund offsets and garnishment. ECF 2 at 7, 17; ECF 3 at 4.

- Plaintiff filed a report with the Portland Police Bureau in March 2025 and an identity theft report with the Federal Trade Commission in January 2026. ECF 3 at 6; ECF 2 at 10.

---

[1] Plaintiff's FTC Identity Theft Report states that the loan was in the amount of $3,800. ECF 2 at 10. Plaintiff's report to the Portland Police Bureau ("PPB") indicates that the loan was in the amount of $3,500. ECF 3 at 6.

**STANDARDS**

Under federal law, when a complaint is filed in federal court by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether a complaint brought by a self-represented litigant proceeding *in forma pauperis* presents cognizable a claim. *See, e.g., Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024) ([Section 1915(e)(2)] "authorizes '*sua sponte* dismissals of *in forma pauperis* cases' that fail to state a claim for relief." (quoting *Jones v. Bock*, 549 U.S. 199, 214 (2007)); *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"), *abrogated on other grounds by*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). The plaintiff "may not simply recite the elements of a cause of action but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se*, plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### A. Plaintiff's Complaint

Plaintiff's Complaint suffers from two defects. First, Plaintiff filed her case under 20 U.S.C. § 1097. That law provides for criminal penalties for a range of unlawful conduct related to federal student loan programs, including for "knowingly and willfully mak[ing] any false

statement, furnish[ing] any false information, or conceal[ing] any material information in connection with the assignment of a loan." § 1097(b). This statute deals with similar subject matter as that at issue in the pending case; however, it provides no private right of action that would empower a private person (such as Plaintiff) to sue anyone (such as Defendants). This is a civil case, not a criminal case. Plaintiff is a private citizen, not a criminal prosecutor.

It is *possible* that Plaintiff *may* be able to bring a civil case under the federal Fair Debt Collection Practices Act ("FDCPA") against MOHELA, 15 U.S.C. § 1692. "To state a cause of action under the Act, an individual must allege '(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the Act defines it, and (4) the defendant has violated a provision of the Fair Debt Collection Practices Act in attempting to collect the debt.'" *Pine v. Dep't of Educ.*, 2020 WL 4334885, at *7 (E.D. Pa. July 28, 2020) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Plaintiff would need to point to a specific provision of the Act that MOHELA allegedly has violated. *See id. at *7-8*; *see also Uyeda v. J.A. Cambece L. Off., P.C.*, 2005 WL 1168421, at *3 (N.D. Cal. May 16, 2005).

It also is *possible* that Plaintiff *may* be able to seek judicial review of her case under the federal Administrative Procedure Act ("APA"). Under 34 C.F.R. § 682.402(e)(1)(i), "an individual may seek a discharge of the obligation to repay a federal student loan where the loan was obtained as a result of a crime of identity theft." *Cabrera v. U.S. Dep't of Educ.*, 2018 WL 11449477, at *2 (W.D.N.Y. July 5, 2018) (quotations omitted). To pursue such discharge, Plaintiff would need to show that she submitted to the holder of her loan a written request and sworn statement, on a form authorized by the Secretary of Education, certifying that she "did not sign the promissory note, or that any other means of identification used to obtain the loan was

used without" her authorization, and that she "did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made" without her authorization. 34 C.F.R. § 682.402(e)(3)(vi)(A)-(B). Additionally, Plaintiff must provide a statement of facts and any supporting evidence demonstrating that the loan was falsely certified because of identity theft, which may include police reports, judicial determinations of identity theft, FTC identity theft affidavits. 34 C.F.R. § 682.402(e)(3)(vi)(C). If DOE denies Plaintiff's application for discharge, Plaintiff may *then* seek judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. If, upon review, a court concludes that DOE's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or ... unsupported by substantial evidence," it *may* set aside DOE's decision. *Austin v. U.S. Dep't of Educ.*, 2010 WL 1172569, at *3 (N.D. Ill. Mar. 19, 2010).

Plaintiff, however, has not alleged violations of either the FDCPA or the APA. Rather, she has asserted a violation of a criminal statute that does not grant her a right to sue in a civil lawsuit. Thus, she has not presented a cognizable legal theory to support her claim for relief.

The Complaint's second flaw is a dearth of factual allegations because Plaintiff has not alleged enough facts. She has not, for example, alleged that MOHELA has engaged in conduct that would be unlawful under the FDCPA. Although Plaintiff has indicated ongoing disputes with both MOHELA and DOE, she has not alleged that she submitted the proper written request or sworn statement on the appropriate form. She also has not alleged that she included supporting evidence with that submission, like the FTC and PPB reports she attached to her Complaint. Further, she has not alleged that Defendants, *armed with that evidence*, failed to discharge her debt. Indeed, the Court is not currently in possession of any written decision by DOE or

MOHELA to review. Thus, just as Plaintiff has supplied no legal basis for her claim, she has also provided insufficient factual basis to support her claim.

B.  **Plaintiff's Motion for Temporary Restraining Order**

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20.

For the same reasons that the Court dismissed Plaintiff's Complaint, Plaintiff has not shown that she is likely to succeed on the merits. Additionally, Plaintiff has not alleged facts that clearly show she would suffer irreparable harm in the absence of preliminary relief. Although she explains that she faces an ongoing threat of enforcement on the debt at issue, it is also clear from her complaint that there has been no garnishment, offset, or other seizure of her property since the offset of her 2023 tax refund. In other words, she has not suffered any monetary harm in two years. This calls into question why her circumstances are now so urgent as to require preliminary relief.

**CONCLUSION**

The Court GRANTS Plaintiff's application for leave to proceed *in forma pauperis*, ECF 1. The Court DISMISSES Plaintiff's Complaint, ECF 2, *sua sponte* and without prejudice. The Court DENIES Plaintiff's Motion for a Temporary Restraining Order. ECF 3. If Plaintiff

believes that she can cure the deficiencies identified in this Order, Plaintiff may file an Amended Complaint not later than February 27, 2026. If Plaintiff does not file an Amended Complaint that cures these deficiencies by that time, the Court will dismiss this lawsuit without prejudice.

**IT IS SO ORDERED.**

DATED this 10th day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – ORDER